# Maxwell *v.* The State.

## *Violating Prohibition Laws.*

(Decided February 2, 1915.   67 South. 772.)

1. *Intoxicating Liquors; Evidence.*—Where the prosecuting witness testified that he bought beer at the home of the defendant in a room partially dark, that his eye-sight was poor, but that his best judgment was that he bought it from the defendant, and not from the defendant's son, the court properly declined to permit a question on cross-examination whether it was probable that he had been mistaken as to the identity of the seller, as such question calls for a conclusion upon a matter which it was the jury's province to determine.

2. *Same.*—It was not error to exclude evidence offered by the defendant that a detective, who did not testify in the case, had been talking with a witness for the defendant, and that the witness left soon afterwards; for if the witness was induced by the detective to leave, it could not affect the issues or the credibility of any witness who had testified.

3. *Same; Instruction.*—A charge asserting that if there was a resemblance between defendant and his son, the jury should consider the opportunity of the witness to see and recognize the defendant in the room, the condition of his eye-sight, and his ability to recognize the defendant, and if they had a reasonable doubt, whether it was the defendant that sold the beer, was argumentative and singled out, and gave undue prominence to a portion of the testimony.

4. *Same.*—A charge asserting that the mere fact that the beer was bought at the house of the defendant, and the party who sold it looked like the defendant, did not warrant a conviction was abstract, where the testimony was that it was the best judgment of a witness that he bought the beer from the defendant.

[Maxwell v. The State.]

5. *Appeal and Error; Harmless Error; Evidence.*—Where a question to a witness, as to whether he had any conversation with the defendant since being summoned, was answered in the negative, no harm resulted to the defendant.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

John Maxwell was convicted of violating the prohibition law, and he appeals. Affirmed.

The following are the charges refused to the defendant:

(1) If there was a sharp resemblance between Jason Maxwell and this defendant, then it would be your duty to consider the witness Haralson's opportunity to see and recognize the defendant in the room, and the conditions of his eyesight, and his ability to see and observe the party from whom he says he purchased the beer, and if from the whole evidence you have a reasonable doubt as to whether it was the defendant, John Maxwell, that sold the beer, if beer was sold, then you should find defendant not guilty.

(2) The court charges that the jury would not be warranted in finding the defendant guilty upon the mere statement of the witness Haralson that he bought the beer at defendant's house, and the party he purchased it from looked like defendant.

T. C. SENSABAUGH, for appellant. No brief reached the Reporter.

WILLIAM L. MARTIN, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State. Counsel discuss the errors complained of but without citation of authority.

THOMAS, J.—Appellant was convicted of violating the prohibition law.

The first exception shown by the record relates to the action of the trial court in refusing to allow defendant's question to the state's witness Haralson on cross-examination as to whether or not it was probable that the witness, who testified that he had purchased beer from defendant, was mistaken as to the identity of the defendant. This clearly called for the conclusion of the witness upon matters not requiring expert knowledge, and upon an issue which it was the peculiar province of the jury to find. The witness was permitted fully and in detail to state on cross-examination as to the time, place, circumstances, and conditions under which he bought the beer, and as to the resemblance between defendant and defendant's son, and as to how long he had known each and how often he had seen them. He testified that he bought the beer at defendant's house; that the room wherein the beer was delivered to him was "sort of dark" on the inside, the doors being closed, and there being shades over the windows; that the party who sold him the beer was in the room, and never came on the outside; that witness' eyes were weak; but that it was his best judgment that it was defendant, and not defendant's son, who resembles defendant, that sold and delivered witness the beer. As to whether or not the defendant was "probably mistaken," in his best judgment was a question for the jury, and the court committed no error in this case in sustaining the state's objection to the question mentioned.

The fact that the court permitted the state to ask, over defendant's objection, the witness if he had had a conversation with defendant since being summoned as a witness, if error, was without injury, since the witness answered in the negative.

Defendant's counsel asked defendant, when on the stand as a witness for himself, substantially, "Do you

[Maxwell v. The State.]

know whether or not Detective Stone has talked to your witness Odum, who has left here this morning, and is not present to testify?" The court sustained an objection to the question, when defendant's counsel then announced, "We propose to prove that he has talked to him," and excepted to the action of the court in sustaining the objection. It will be observed that there is no suggestion in the announcement that the talking, which defendant offered to prove, that had been done by Stone to defendant's witness, was with reference to or about this case; but, even if it was, there would be no error in the action of the court in declining to permit the proof, since any bias or interest that may have been displayed by Stone in the prosecution, even if it went to the extent that he induced or frightened defendant's witness said Odum into leaving court before testifying, and any intimidation that Odum may have felt, would be immaterial to the consideration here, since neither Stone nor Odum testified at the trial. Such proof would be of value in a contempt proceeding against Stone, but certainly of none on this trial.

Charge 1 refused to the defendant was argumentative, and sought to single out, and give undue prominence to, a portion of the testimony.

Charge 2, besides being otherwise faulty is abstract; since the witness Haralson referred to in the charge testified that, in his best judgment, the person from whom he bought the beer was defendant.

We find no error in the record, and the judgment of conviction is affirmed.

Affirmed.